## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WADE HAMMOND, on behalf of himself and a class of similarly situated individuals, | 1:18-cv-02092 |
| Plaintiff, | Honorable Judge Sara L. Ellis |
| v. | |
| ATLANTIC CREDIT & FINANCE, INC., | |
| Defendant. | |

### JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management

Procedures, the Parties jointly submit the following Initial Status Report.

**1.      The Nature of the Case.**

    **A.      Parties:**

For Plaintiff
James C. Vlahakis (Lead)
Ahmad T. Sulaiman
Omar T. Sulaiman
Mohammed Omar Badwan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
630-575-8181
jvlahakis@sulaimanlaw.com

For Defendant
David M. Schultz (Lead)
Todd P. Stelter
Hinshaw and Culberston, LLP
222 N. LaSalle Suite 300
Chicago, IL 60601
312-704-3000
dschultz@hinshawlaw.com
tstelter@hinshawlaw.com

    **B.      Claims asserted:**  This civil action has been brought as a class

action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et

seq. ("FDCPA").      Plaintiff   alleges   that   Defendant   MIDLAND   CREDIT

MANAGEMENT, INC. ("Defendant") sent Plaintiff three letters which violate the

FDCPA. First, Defendant mailed a "PRE-LEGAL NOTIFICATION" letter to Plaintiff on Friday, November 3, 2017. The phrase "PRE-LEGAL NOTIFICATION" is typed in a large font. The November 3, 2017, Letter includes a box which states "Reply by calling our office at: 800-888-9419 by 11/10/2017." November 10, 2017, was a Friday and a holiday, Veterans Day (observed by the United States Post Office on Saturday, November 11, 2017). The second sentence of the November 3rd Collection Letter said, "[t]his letter is to inform you that Midland Funding, LLC is considering forwarding this account to an attorney in your state for possible litigation." The third sentence of the November 3rd Collection Letter said, "[u]pon receipt of this notice, please call 800-888-9419 to discuss your options." The fourth sentence of the November 3rd Collection Letter said, "[i]f we don't hear from you or receive payment, Midland Funding, LLC may proceed with forwarding this account to an attorney."

Plaintiff contends that the November 3rd Collection Letter violates the FDCPA because the above quoted language invoked a false sense of urgency relative to threatened legal action if Plaintiff did not pay. Further, the time-frame set forth by the November 3rd Collection Letter gave Plaintiff no more than five (5) business days to respond to Defendant's "PRE-LEGAL NOTIFICATION", assuming, for the sake of argument only (and not as a factual allegation), that Plaintiff received the letter on Monday, November 6, 2017.

Defendant sent a second collection letter to Plaintiff on or about November 11, 2017. Plaintiff alleges that Defendant violated the FDCPA by

provided him with no more than three business days to dispute a purported payment arrangement.

Defendant mailed a third collection letter to Plaintiff on or about November 14, 2017. Plaintiff alleges that Defendant violated the FDCPA asking Plaintiff to dispute a purported payment arrangement by November 14, the same day the that the third letter was purportedly mailed to Plaintiff.

In summary, Plaintiff contends that the three letters constitute harassing, oppressive, and/or abusive conduct in violation of Section 1692d of FDCPA. Alternatively, Plaintiff contends that the three letters constitute false, deceptive, and/or misleading conduct in violation of Section 1692e of FDCPA. Further, Plaintiff contends that the November 3, 2017, "PRE-LEGAL NOTIFICATION" letter violated Section 1692e(5) of the FDCPA which prohibits a debt collector from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken."

Plaintiff alleges that settlement offer violates the following Sections of the FDCPA: § 1692e which prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt"; § 1692e(2)(a) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt" ;1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt"; § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

3

Defendant denies that it violated the FDCPA and is prepared to contend that Plaintiff is required to arbitrate his claims on an individual basis pursuant to an arbitration agreement entered into between Plaintiff and the underlying creditor. Additionally, Defendant contends that Plaintiff's circumstances are unique to him and do not support certification of a class action.

**C.** **Major legal issues:** Whether the collection letter violates the FDCPA and whether Plaintiff is required to arbitrate his claims.

**D.** **Relief sought:** Plaintiff seeks statutory damages as provided under the FDCPA, 15 U.S.C. §1692k(a)(2)(A), declaratory and injunctive relief, and recoverable costs and reasonable attorney fees as authorized by Section 1692k(a)(3) of the FDCPA. Defendant does not currently seek any damages but seeks the dismissal of this case by way of arbitration and/or a decision on the merits.

**2.** **Jurisdiction.** Plaintiff alleges subject matter jurisdiction pursuant to 47 U.S.C §227, 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Defendant admits the complaint purports to allege a violation of the FDCPA, a federal statute, thereby initially invoking the subject matter jurisdiction of this Court. However, defendant denies that plaintiff has Article III standing under *Spokeo, Inc. v. Robins*, No. 13-1339 (S.Ct. 2016). Defendant further denies jurisdiction as it may not exist due to an arbitration agreement that requires this matter be adjudicated in a different forum.

**3.    Status of Service.** Defendant has been served and is represented by counsel.

**4.    Consent to Proceed Before a United States Magistrate Judge.**  The Parties do not mutually consent.

**5.    Motions.**   There are no pending motions before the Court.   Defendant answered the Complaint on May 18, 2018.  Dkt. 16.

    **A.**    The parties MIDP disclosures are due June 15, 2018.

    **B.    Discovery Plan**

        1.    The Parties anticipate discovery will relate to whether the form of Defendant's letter violated the FDCPA, whether a class can be certified, whether putative class members ascertainable through Defendants' records, third-party records and commercially available databases and search tools; the measure damages incurred by Plaintiff and the putative class members; and Defendant's net-worth for purposes of FDCPA based damages cap.

        2.    This case is not exempt from MIDP.

        3.    The Parties will issue written discovery on or after June 22, 2018.

        4.    Fact discovery completed by September 25, 2018.

        5.    Plaintiff to issue expert report(s) by October 23, 2018; Defendant to issue expert report(s) by November 20, 2018; Plaintiff's rebuttal report(s) if any, by December 11, 2018; and depositions completed by January 31, 2019.

        6.    Final Supplement MIDP responses by July 13, 2018.

       7.     If no expert discovery is undertaken, dispositive motions by October 23, 2018.  If expert discovery is undertaken, dispositive motions by February 28, 2019.

     **C.**    **Trial**

       1.     Plaintiff has demanded a jury trial.

       2.     Two days inclusive of jury selection.

**7.**    **Status of Settlement Discussion**

     A.     Initial settlement discussions have taken place.

     B.     Not applicable at this time.

     C.     Plaintiff desires a settlement conference.  Defendant is not ready to commit to a settlement conference at this point.

Dated: May 23, 2018

On behalf of Plaintiff and a class of      On behalf of Defendant
similarly situated individuals

/s/ James C. Vlahakis             /s/ Todd P. Stelter
James C. Vlahakis               Todd P. Stelter